IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Cletis McConnell,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | 15-003325-CV-S-JTM |
| **Greenfield R-IV School District, and Jeff Davis,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Pending before the Court is the motion [Doc. 10] of the Greenfield R-IV School District ("Greenfield") and its superintendent Jeff Davis ("Davis") to partially dismiss claims set forth in the SECOND AMENDED COMPLAINT filed by plaintiff Cletis McConnell ("McConnell"). McConnell's lawsuit alleges employment discrimination arising from his former employment with Greenfield as a bus driver. The Second Amended Complaint contains three counts, to wit:

(1)   Greenfield and Davis violated the Missouri Human Rights Act, MO. REV. STAT. §§ 213.010, *et seq*. ("ADEA") ("MHRA"), by failing to reasonably accommodate McConnell's disabilities and/or retaliating against McConnell after he complained of Greenfield's alleged unlawful employment practices [Count I];

(2)   Greenfield and Davis violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*. ("ADEA"), by discriminating against (including terminating) McConnell due to his age and retaliated against McConnell in violation of the ADEA [Counts II and III].

With their current motion to partially dismiss, Greenfield and Davis seek dismissal of (a) McConnell's retaliation claims under both the MHRA and the ADEA for failure to exhaust, (b) the individual capacity claims against Davis under the ADEA, and (c) McConnell's "extra bus trips" claim.

Under the MHRA, "[b]efore initiating a civil action . . . , a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994). The ADEA similarly requires exhaustion. 29 U.S.C. § 626(d)(2). The rationale underlying the exhaustion requirement is that it provides the employer and the investigating agency "with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation" before costly litigation. *Gates v. City of Lebanon*, 585 F. Supp. 2d 1096, 1099 (W.D. Mo. 2008) (*quoting Parisi v. Boeing Co.,* 400 F.3d 583, 585 (8th Cir.2005)). However, ameliorating the potential harshness of closing off a plaintiff's discrimination claims, the Eighth Circuit has noted

> Exhaustion requires a claimant to give notice of all claims of discrimination in the administrative complaint, but administrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices. We therefore deem administrative remedies exhausted as to all incidents of discrimination that are like or reasonably related to the allegations of the administrative charge. Thus, the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination.

*Tart*, 31 F.3d at 671.

In this case, McConnell filed a written CHARGE OF DISCRIMINATION on August 4, 2014. In the portion of the form regarding cause of "discrimination," McConnell checked the boxes for "disability," "age," and "retaliation." In the portion of the form where McConnell was asked to provide "particulars," he described being constructively discharged because of alleged concerns of Davis about McConnell's ability to continue to safely drive a school bus. McConnell concluded by writing:

2

> My former employer discriminated against me based on my age. I was 80 at the time, and because they regarded me as having a disability affecting one or more of my life activities. At all times, I was able to perform the material and substantial functions of my job as a school bus driver without any accommodation.[1]

At issue before the Court is whether McConnell has exhausted his claims of retaliation under the MHRA and the ADEA. According to McConnell's SECOND AMENDED COMPLAINT, the bases for these claims is that Greenfield and Davis retaliated against McConnell when he complained[2] that they were treating him poorly because of his age and disability.

Greenfield and Davis argue that the retaliation claims are not described in the "particulars" of the written CHARGE OF DISCRIMINATION. McConnell does not argue otherwise but does assert that the "retaliation claims are 'like' and are 'reasonably related' to the facts set forth in the charge of discrimination." While the Eighth Circuit has promulgated rules of construction allowing for the liberal interpretation of employment claims for purposes of exhaustion, it has placed limits on such construction. Specifically, the Court has concluded that "retaliation claims are not reasonably related to underlying discrimination claims" and, thus, must be independently exhausted. *Wedow v. City of Kansas City, Missouri*, 442 F.3d 661, 672-73 (8th Cir. 2006). Accordingly, McConnell cannot "piggyback" his retaliation claims on to his age and disability discrimination claims.

---

[1] Contrary to McConnell's argument, the attachment of the CHARGE OF DISCRIMINATION to the motion to dismiss does not convert the motion to one for summary judgment. *Faisbach v. University of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002).

[2] It is unclear as to whether these "complaints" rose to actual invocation of the MHRC or EEOC complaint process. As such there may be a substantial legal issue regarding a *prima facie* case of retaliation. *Compare Brower v. Runyon*, 178 F.3d 1002, 1006 (8th Cir. 1999) ("Not all discussions with individuals who are part of the Title VII grievance process or all informal complaints will amount to participation in a Title VII proceeding, however. At a minimum there would have to be factual allegations of discrimination against a member of a protected group and the beginning of a proceeding or investigation under Title VII. ").

3

The issue then becomes whether McConnell exhausted his retaliation claim in his CHARGE OF DISCRIMINATION when he checked the box for "retaliation," but included no allegations of retaliation in the "particulars" portion of the CHARGE OF DISCRIMINATION. After reviewing the available case law, the Court agrees with the decision of its sister court in the Eastern District of Missouri:

> Although the Eighth Circuit has not ruled on this precise issue, the Court believes that where, as here, the EEOC charge is bereft of any allusion to allegations of race or sex discrimination, merely checking off the box of "race" or "sex" on the EEOC charge is insufficient to exhaust it as a claim. The Court agrees with these district courts that merely checking a box—without more—does not fulfill the administrative purposes that a charge with the EEOC is designed to serve.

*Peyton v. AT & T Services, Inc.*, 2013 WL 2475700, op. at *2-3 (E.D. Mo. June 10, 2013). *See also Earl v. Norfolk State University*, 2014 WL 2916718, at *13 & *13 n.6 (E.D. Va. June 26, 2014) (citing numerous cases). The Court concludes that McConnell did not exhaust his claims of retaliation under the MHRA (included as part of Count I) and the ADEA (Count III).

With regard to the remaining disability discrimination under the MHRA and age discrimination under the ADEA, McConnell names Davis as a defendant in both his official and individual capacities. With regard to the former, it is generally held that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985). In this case, of course, the entity [Greenfield] is already a party to the litigation. As such, the redundant claim against Davis in his official capacity is dismissed. *Compare Artis v. Francis Howell N. Band Booster Association, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("The district court correctly dismissed the claim against [a school's band director in his official capacity] as redundant to the claim against the School District.").

4

With regard to the claim for personal liability against Davis in his individual capacity, under the MHRA, "an employee serving in a supervisory or managerial capacity may be individually liable." *Tate v. Family Dollar Stores of Missouri, Inc.*, 2014 WL 7345156, op. at *3 (E.D. Mo. Dec. 23, 2014). Accordingly, Davis does not seek dismissal of that claim. Davis, however, does assert that there is no individual liability under the ADEA. The Court agrees. McConnell argues that the Eighth Circuit has not ruled on the viability of individual liability under the ADEA and, thus, "the issue remains open." However, the Eighth Circuit "has squarely held that supervisors may not be held individually liable under Title VII." *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998) (*quoting Bonomolo–Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir.1997)). While there are textual differences between the two enactments, McConnell has pointed to no language that would support treating individual liability different under Title VII and the ADEA. Accordingly, the Court concludes that McConnell may not pursue an individual capacity claim against Davis under the ADEA. *Compare Hill v. Borough of Kutztown,* 455 F.3d 225, 246 n.29 (3d Cir. 2006) ("[T]he ADEA does not provide for individual liability."); *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37,* 260 F.3d 602, 610 n.2 (7th Cir. 2001) ("[T]here is no individual liability under the ADEA."); *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587-88 (9th Cir. 1993) (deciding that Congress did not intend to allow civil liability under the ADEA to run against individual employees).

Finally, the Court turns to the question regarding McConnell's "extra bus trips" claim. In paragraph 15 of the Second Amended Complaint, McConnell alleges:

> [Greenfield and Davis] took away the opportunity for [McConnell]
> to drive on extra trips, which reduced his pay.

This action apparently began approximately two years prior to McConnell's termination on February 21, 2014. However, McConnell did not file his CHARGE OF DISCRIMINATION until August 4, 2014. Moreover, in the CHARGE OF DISCRIMINATION, McConnell did not check the box indicating that the discrimination against him was a "continuing action," instead, he listed the "date discrimination took place" as only February 21, 2014.

To be timely, allegations of discrimination must be filed with the MCHR within 180 days of the alleged discrimination. MO. REV. STAT. § 213.075.1. The ADEA requires the filing of an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the act of discrimination. 29 U.S.C. § 626(d)(2). In addition, the Court concludes that the denial of extra bus trips in 2012 was a discrete action that had to be independently and timely exhausted. *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 2072 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180 – or 300 – day time period after the discrete discriminatory act occurred."). As such, any claim for damages directly arising from such discriminatory acts is time-barred. However, the Court does not address the evidentiary use that may be made of such acts to demonstrate alleged discrimination in the termination of McConnell on February 21, 2014.

For the reasons set forth above, it is

**ORDERED** that DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT, filed August 3, 2015 is **GRANTED**. Accordingly, McConnell's retaliation claims under both the MHRA and the ADEA, as well as the individual capacity claims against Davis under the ADEA, and McConnell's "extra bus trips" claim are **DISMISSED**.

/s/ John T. Maughmer  
**John T. Maughmer**  
**United States Magistrate Judge**